DAHLY TOOL COMPANY, Plaintiff,

v.

VERMONT TAP AND DIE
COMPANY, Defendant.

No. 80 C 6558.

United States District Court,
N.D. Illinois, E.D.

June 10, 1982.

Barclay, Damisch & Sinson, Ltd., Chicago, Ill., for plaintiff.

Jonathan B. Gilbert, Pedersen & Houpt, Chicago, Ill., Martin Roach, Hamilton, Roach & Diamond, Louisville, Ky., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This cause of action arises out of a manufacturer's representative agreement between plaintiff and defendant. Plaintiff filed a two-count complaint alleging unjust enrichment and requesting an accounting for monies due. Before the court is defendant's motion for summary judgment. The motion is denied.

For approximately 28 years, plaintiff, pursuant to an oral agreement with defendant, acted as the sales representative for defendant's tap and die manufacturing business. The agreement was of indefinite duration. Plaintiff was compensated on a commission basis. On October 1, 1979, representatives of the parties met and plaintiff was advised that defendant was terminating the relationship effective December 31, 1979. This termination was confirmed by a letter dated October 11, 1979, which stated that "... Dahly Tool will continue to receive the same commission rates on all shipments made in their territory through December 31, 1979 ...." Exhibit A to Plaintiff's Complaint.

At issue is whether plaintiff's employment was terminable at will. Secondly, there is a dispute as to whether plaintiff is entitled to commissions on sales it made prior to December 31, 1979, even though the goods may not have been shipped by that date. *See Lemmon v. Cedar Point, Inc.,* 406 F.2d 94, 97 (6th Cir.1969) (narrow construction given to any provision which authorizes

forfeiture of important rights *almost* earned by rendering of substantial service); *Coleman v. Graybar Elec. Co.,* 195 F.2d 374 (5th Cir.1952) (if services of salesman were terminated arbitrarily, commission was not forfeited); *Zimmer v. Wells Mgmt. Corp.,* 348 F.Supp. 540 (S.D.N.Y.1972) (no reasonable party would place himself in a position forfeiting his valuable rights); *see also* Corbin, Contracts § 153, which discusses the principle that an employer's offer to pay a bonus, commission, or other compensation, to an employee who continues to serve for a stated period becomes irrevocable by the employee's rendering substantial service; *Fortune v. National Cash Register,* 373 Mass. 96, 364 N.E.2d 1251, 1257 (Mass.1977).

 Every agreement includes an implied promise that the duties of the parties will be performed in good faith and that each will deal fairly with the other in their performance. *See, e.g., Foster Enterprises, Inc. v. Germania Fed. Sav. & Loan Assoc.,* 97 Ill.App.3d 22, 52 Ill.Dec. 303, 421 N.E.2d 1375 (3d Dist.1981); *Zimmer v. Wells Mgmt. Corp.,* 348 F.Supp. 540 (S.D.N.Y. 1972). The plaintiff, who worked for defendant for about 28 years, may be able to show from the relevant facts surrounding its services that its claims are justified. *See Foley v. Community Oil Co.,* 64 F.R.D. 561 (D.N.H.1974) (long-term employment may not be terminated at will, even though no notice is required under the agreement, when employer's motives are not in good faith); *Fortune v. National Cash Register,* 373 Mass. 96, 364 N.E.2d 1251 (Mass.1977) (where a party to an implied contract devotes substantial time and investment, there is an implied duty of good faith and fair dealing which is breached upon a termination not made in good faith). The nature and terms of a contract are questions of fact to be derived from all circumstances of the case. *Uproar v. National Broadcasting Co.,* 81 F.2d 373 (1st Cir.1936), *cert. denied,* 298 U.S. 670, 56 S.Ct. 835, 80 L.Ed. 1393 (1936). Agreements may be supplemented by implied promises from "the promisor's words and conduct in light of the surrounding circumstances." Corbin, Contracts, § 562; *see Foley v. Community Oil Co.,* 64 F.R.D. 561 (D.N.H.1974).

In light of these considerations, we cannot construe the employment agreement between the parties as a matter of law. Defendant's motion for summary judgment is denied.